USDC SCAN INDEX SHEET










LLS    7/23/98    10:27
3:98-CV-01346    ZUBKIS V. SUMMIT FAMILY
*1*
*CMP.*

Vladislav Steven Zubkis
4364 Bonita Road, Suite 476
Bonita, California 91902
(619) 475-2522
Unrepresented

FILED
98 JUL 22 PM 3:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ DEPUTY

## COURT OF THE UNITED STATES

Vladislav Steven Zubkis

    Plaintiff, in law

vs.

SUMMIT FAMILY RESTAURANTS, INC.,
CKE RESTAURANTS, INC,
PIPER JAFFRAY COMPANIES, INC.
Norman N. Habermann,
Four unknown Special Committee members
William P. Foley II,

    Defendants.

Case No. '98 cv 1... BTM POR

CIVIL ACTION

VERIFIED COMPLAINT FOR DAMAGES.

Jury trial demanded

1. I, Vladislav Steven Zubkis, having first hand knowledge of the facts herein, affirm under penalty of perjury that the following is true and correct to the best of my knowledge:

### JURISDICTION

2. This controversy falls under the authority of Article III § 2 ¶ 1 of the Constitution of the United States of America, between a citizen and citizen of another State; Title 28 U.S.C. section 1332.

### PARTIES

3. Vladislav Steven Zubkis, ("Zubkis"), the movant in this controversy, lives in the city of Bonita, California in San Diego County. Zubkis is the Senior Financial Advisor of Stella Bella Corp USA (SBAM) and a major stockholder in the same.

//

- 1 -

ORIGINAL

4. SUMMIT FAMILY RESTAURANTS, INC., (hereinafter "SUMMIT"), is a corporation chartered in the State of Delaware, and was formerly known as JB'S RESTAURANTS INC.

5. CKE RESTAURANTS, INC., is a corporation chartered in the State of Delaware. On information and belief SUMMIT is owned by CKE RESTAURANTS, INC. but they are not merged.

6. PIPER JAFFRAY COMPANIES, INC., ("PIPER JAFFRAY"), at all times relevant to this complaint, was a corporation created under the laws of the State of Minnesota. Upon information and belief, PIPER JAFFRAY was hired by SUMMIT to negotiate the sale of SUMMIT.

7. Norman N. Habermann ("Habermann") is a member of the Board of Directors of SUMMIT.

8. The names of the four unknown Special Committee members are unknown to Plaintiff at this time. Zubkis will amend this complaint to include their names as they become known to him. Zubkis believes that the four unknown Special Committee members were in some manner responsible for the damages alleged herein.

9. On information and belief, Habermann and the four unknown Special Committee members were members of a committee appointed by SUMMITT'S Board of Directors to evaluate proposals for business combinations involving the transfer of substantial assets of SUMMIT. At all times relevant to the facts in this case Habermann was Chairman of the Special Committee.

10. William P. Foley II, at all times relevant to this complaint, on information and belief, was Chairman of the Board and Chief Executive Officer of CKE RESTAURANTS, INC.

**FACTS**

11. On or about September 26, 1995 Zubkis became aware of the proposed offering for sale of SUMMIT.

12. Zubkis immediately commenced investigation into the acquisition of SUMMIT and requested a full sales package from PIPER JAFFRAY and an invitation to bid.

- 2 -

13. Between September, 1995 and July, 1996 Zubkis, representing SBAM, continued negotiations with PIPER JAFFRAY regarding SBAM's intent to purchase SUMMIT.

14. Throughout negotiations, with the assistance of Jack Broberg, who for 27 years was the founder and Chairman of the Board of JB's Restaurants (SUMMIT), Zubkis acted in good faith to negotiate the purchase of SUMMIT by SBAM.

15. On information and belief, members of SUMMIT'S Board of Directors and members of the Special Committee were aware that Zubkis intended to tender a bid for the purchase of SUMMIT.

16. On information and belief, SUMMIT shareholders were never presented or allowed to vote on SBAM's purchase bid which was planned to be up to fifty million dollars ($50,000,000), of which forty million ($40,000,000) was cash.

17. On or about July 25, 1996 PIPER JAFFRAY sold SUMMIT for approximately $32,000,000.

18. Neither Zubkis nor SBAM was ever given an opportunity to bid.

## NOTICE OF LEGAL CLAIMS

"By analogy to interference with existing contractual relations, tort liability has been imposed for intentional interference with prospective economic advantage.
    The chief difference lies in the recognition of more extensive privileges on the part of defendants seeking to protect or advance their interests, where the contract or advantage interfered with is merely prospective. Chief among these are:
    a. The privilege of bona fide competition for the prospective advantage. The privilege is limited to methods which are regarded as 'fair,' and unfair competition which oversteps the boundaries of business ethics recognized by the law usually has been held to lead to tort liability. Interference by means of combinations seeking a monopolistic restraint of trade is also actionable..."
Prosser on Torts, p. 745.

## CAUSES OF ACTION

19. **First cause of action**: Interference with prospective advantage. Plaintiff alleges that Habermann, members of the Special Committee and PIPER JAFFRAY tortiously induced SUMMIT to breach its obligation to allow SBAM to be invited to the task desk. This interference created loss to SBAM and indirectly damaged Zubkis as a major stockholder and senior financial advisor of SBAM.

-3-

1  20. **Second cause of action**: Fraud. Plaintiff alleges that Habermann, members of the Special Committee and PIPER JAFFRAY led Zubkis to believe that he would be invited to the task desk; however, they never intended to allow Zubkis to bid for purchase of SUMMIT.

21. **Third cause of action**: Conspiracy. Plaintiff alleges that two or more defendants acted in concert with a single design for the accomplishment of a common purpose, which was to prevent Zubkis and SBAM from purchasing SUMMIT. This resulted in a loss of the potential economic advantage which was to be derived from the purchase of SUMMIT.

22. **Fourth cause of action**: Loss of reputation. As a result of all defendants' actions Zubkis has lost the confidence of the directors of SBAM, of which he is the chief financial advisor.

## RELIEF REQUESTED

23. WHEREFORE, Plaintiff requests the following relief from defendants, jointly and severally:

24. Two million dollars ($2,000,000) compensatory damages, for loss of reputation and diminution of salary;

25. Ten million dollars ($10,000,000) punitive damages;

26. One Hundred Fifty million dollars ($150,000,000) prospective damages, for loss of prospective income;

27. Costs of this suit, and;

28. Such other and further relief as justice requires.

Dated: July 21, 1998

Vladislav Steven Zubkis

- 4 -

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Vladislav Steven Zubkis

**DEFENDANTS**

SUMMIT FAMILY RESTAURANTS, INC., CKE RESTAURANTS, INC., PIPER JAFFRAY COMPANIES Inc., Norman N. Habermann, William P. Foley, Four Executive Committee Members.

**FILED**
98 JUL 22 PM 3:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Vladislav Steven Zubkis
4364 Bonia Road, Suite 476
Bonita, California 91902

**ATTORNEYS (IF KNOWN)**

98 CV 1346 BTM POR

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Constitution of the United States of America; 28USC Sec 1332

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | |
| | | ☒ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395f) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 162,000,000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE: July 22, 1998

#040547

SIGNATURE OF ATTORNEY OF RECORD

[signature]

INSTRUCTION ᴀ ATTORNEYS COMPLETING CIVIL COVER .  .T FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section fo each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. *In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.*

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers an the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)