USDC SCAN INDEX SHEET










ACR    10/5/98    7:51
3:98-CV-01346    ZUBKIS V. SUMMIT FAMILY
*7*
*AMDCMP.*

Vladislav Steven Zubkis
4364 Bonita Road, Suite 476
Bonita, California 91902
(619) 475-2522
Unrepresented



FILED

98 OCT -2 PM 2: 29

BY: _____ DEPUTY

# COURT OF THE UNITED STATES

| | |
|---|---|
| Vladislav Steven Zubkis<br>(alter ego of STELLA BELLA CORP.,USA)<br><br>  Plaintiff, in law<br>vs.<br><br>SUMMIT FAMILY RESTAURANTS, INC.,<br>CKE RESTAURANTS, INC., PIPER<br>JAFFRAY COMPANIES, INC.,<br>Clark D. Jones,<br><br>  Defendants. | Case No. 98-CV-1346-BTM (POR)<br><br>VERIFIED COMPLAINT FOR<br>DAMAGES-- FIRST AMENDED<br>COMPLAINT<br><br>Jury trial demanded |

1. I, Vladislav Steven Zubkis, having first hand knowledge of the facts herein, affirm under penalty of perjury that the following is true and correct to the best of my knowledge:

### JURISDICTION

2. This controversy falls under the authority of Article III Section 2 clause 1 of the Constitution of the United States of America, between a citizen and citizen of another State; Title 28 U.S.C. section 1332 and pendent jurisdiction. Pendent jurisdiction, in the sense of judicial power, exists whenever there is a substantial federal claim and the relationship between it and the asserted state claims permits the conclusion that the entire action before the court comprises one "case." <u>Mine Workers v. Gibbs,</u> 383 U.S. 715, 725. Pendent jurisdiction is a doctrine of discretion, justified by judicial economy, convenience and fairness to litigants. p. 726.

//

-7-

ORIGINAL.

## PARTIES

3. Vladislav Steven Zubkis, ("Zubkis"), an individual, lives in the city of Bonita, California in San Diego County. Zubkis is the alter ego and Senior Financial Advisor of Stella Bella Corporation, USA (SBUSA) and a major stockholder in the same.

4. SUMMIT FAMILY RESTAURANTS, INC., (hereinafter "SUMMIT"), is a corporation chartered in the State of Delaware, and was formerly known as JB'S RESTAURANTS INC.

5. CKE RESTAURANTS, INC., ("CKE"), is a corporation chartered in the State of Delaware. On information and belief SUMMIT is owned by CKE but they are not merged.

6. PIPER JAFFRAY COMPANIES, INC., ("PIPER JAFFRAY"), at all times relevant to this complaint, was a corporation created under the laws of the State of Minnesota. On information and belief, PIPER JAFFRAY was hired by SUMMIT to negotiate the sale of SUMMIT.

7. Clark D. Jones, a citizen of Utah, at all times relevant to this complaint, on information and belief, was Chairman of the Board and Chief Executive Officer of SUMMIT, and was directly involved in at least one cause of action complained of herein.

## FACTS

8. On or about September 26, 1995 Zubkis became aware of the proposed offering for sale of SUMMIT.

9. Representing SBUSA, Zubkis immediately commenced investigation into the acquisition of SUMMIT and requested a full sales package from PIPER JAFFRAY and an invitation to bid.

10. Between September, 1995 and July, 1996 Zubkis continued negotiations with PIPER JAFFRAY regarding SBUSA's intent to purchase SUMMIT.

11. Throughout negotiations, with the assistance of Jack Broberg, who for 27 years was the founder and Chairman of the Board of JB's Restaurants (SUMMIT),

Zubkis acted in good faith to negotiate the purchase of SUMMIT by SBUSA.

12. On information and belief, PIPER JAFFRAY, Clark D. Jones and officers of SUMMIT were aware that SBUSA intended to tender a bid for the purchase of SUMMIT.

13. SBUSA planned to tender a bid of up to fifty million dollars ($50,000,000), of which forty million ($40,000,000) was cash.

14. On or about July 25, 1996 CKE acquired SUMMIT for approximately $32,000,000.

15. Neither Zubkis nor SBUSA was ever given an opportunity to bid.

## NOTICE OF LEGAL CLAIMS

"By analogy to interference with existing contractual relations, tort liability has been imposed for intentional interference with prospective economic advantage.

The chief difference lies in the recognition of more extensive privileges on the part of defendants seeking to protect or advance their interests, where the contract or advantage interfered with is merely prospective. Chief among these are:
a. The privilege of bona fide competition for the prospective advantage. The privilege is limited to methods which are regarded as 'fair,' and unfair competition which oversteps the boundaries of business ethics recognized by the law usually has been held to lead to tort liability. Interference by means of combinations seeking a monopolistic restraint of trade is also actionable..." Prosser on Torts, p. 745.

## CAUSES OF ACTION

16. **First cause of action**: Interference with prospective advantage. Plaintiff incorporates herein, by reference, the preceding paragraphs of this complaint as though fully set forth herein. Plaintiff alleges that Clark D. Jones and other officers of SUMMIT, CKE, and PIPER JAFFRAY committed an unlawful conspiracy and an unlawful boycott aimed at SBUSA to maliciously, wantonly and willfully interfere with its participation in the bidding for purchase of SUMMIT, and tortiously prevented Zubkis, alter ego of SBUSA, from being invited to the task desk. This interference created loss to SBUSA and damaged Zubkis personally as a major stockholder and senior financial advisor of SBUSA.

17. **Second cause of action**: Deceit. Plaintiff incorporates herein, by reference, the preceding paragraphs of this complaint as though fully set forth herein. PIPER JAFFRAY and officers of SUMMIT made Zubkis believe that he would be granted a bona fide opportunity to bid, knowing that he would not.

18. For the first and second causes of action Plaintiff seeks ($150,000.000) prospective damages, for loss of income due to defendants' deceit and interference with plaintiff's prospective advantage.

19. **Third cause of action**: Fraud. Plaintiff incorporates herein, by reference, the preceding paragraphs of this complaint as though fully set forth herein. On information and belief, SUMMIT appointed a Special Committee to evaluate proposals for business combinations involving the transfer of substantial assets of SUMMIT. On or about November 17, 1998, N. N. Haberman, Chairman of the Special Committee, sent a letter to Zubkis in which he stated: "In my conversations with each of you on Sunday, November 12, I expressed the Special Committee's willingness to consider Stella Bella's offer as soon as you were able provide us with satisfactory evidence of Stella Bella's ability to finance the transaction."

20. On or about Oct 28, 1995, Zubkis sent to the Special Committee a copy of a letter of credit from the Bank of Nakhodka, in Nakhodka, Russia. The letter of credit indicated the bank's consent to provide forty million United States dollars ($40,000,000.00) to SBUSA.

21. Plaintiff alleges that PIPER JAFFRAY and members of the Special Committee never intended to allow SBUSA to bid, and that N. N. Habermann knew when he communicated with Zubkis that SBUSA would not be permitted to bid. Zubkis would not have expended time and energy, or made assurances to the directors and stockholders of SBUSA, or sought financing for the purchase, if defendants had not made him believe that SBUSA would have opportunity to bid on the purchase.

22. Defendants deceived Zubkis inn order to provide the appearance of legitimacy to the acquisition of SUMMIT by CKE. Zubkis did not know that

- 4 -

defendants had no intention to allow SBUSA to bid, and in good faith relied on the statements and correspondence of defendants.

23. As a result of the actions of defendants as related herein Plaintiff suffered great loss of reputation among stockholders and directors of SBUSA.

24. Plaintiff seeks five million dollars ($5,000,000) punitive damages, for loss of reputation due to fraud.

> **ACTIONABLE FRAUD.** A false representation made with an intention to deceive; may be committed by stating what is known to be false or by professing knowledge of the truth of a statement which is false, but in either case, the essential ingredient is a falsehood uttered with intent to deceive. Sawyer v. Prickett, 19 Wall. 146, 22 L. Ed. 105.

25. **Fourth cause of action**: Conspiracy. Plaintiff incorporates herein, by reference, the preceding paragraphs of this complaint as though fully set forth herein. Plaintiff alleges that two or more defendants acted in concert with a single design for the accomplishment of a common purpose, which was to prevent Zubkis, alter ego of SBUSA, from purchasing SUMMIT. This resulted in a loss of the potential economic advantage which was to be derived from the purchase of SUMMIT.

RELIEF REQUESTED

26. Through their actions described herein defendants have frustrated Zubkis' attempts to negotiate the purchase of SUMMIT by SBUSA. Defendants' conduct has caused Zubkis damage for which Zubkis should be compensated to the full extent permitted by law.

27. WHEREFORE, given the outrageous nature of defendants' conduct, Zubkis seeks:

28. Damages in an amount the jury deems appropriate, but in no event less than $155,000,000 (one hundred fifty five million dollars), and;

29. Costs of this suit.

Dated: October 1, 1998

Vladislav Steven Zubkis

- 5 -

## DECLARATION OF SERVICE

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the below-named person the following documents:

VERIFIED COMPLAINT FOR DAMAGES--FIRST AMENDED COMPLAINT

in the following manner: (check one)

1) _____ By personally delivering copies to the person served.

2) _____ By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3) _____ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail postage prepaid) copies to the person served at the place where the copies were left.

4) __XX___ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U. S. Mails at San Diego, California on October 2, 1998.

Thomas L. Vazakas
LEWIS, D'AMATO, BRISBOIS, & BISGAARD
550 West "C" Street, Suite 800
San Diego, CA 92101-3573

Executed on October 2, 1998 at San Diego, California.